# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ORLANDO SCOTT MARTIN, JR.,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:16-cv-00299-HDM-VPC

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action for being untimely.

    This is not the first federal habeas corpus petition challenging the judgment of conviction at issue. Petitioner is challenging the same judgment of conviction in <u>Martin v. Williams</u>, Case No. 2:14-cv-01167-JAD-VCF. That action still is open. Petitioner is presenting a different claim in this action than the claims that he has presented in <u>Martin v. Williams</u>. The court will cite to exhibits filed in that action, at ECF numbers 12 through 16.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624. The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court.

1  Patterson, 251 F.3d at 1245 n.2.  The court can raise the issue of timeliness on its own motion.  Day
2  v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).
3        Petitioner was convicted in state district court on May 9, 2011.  Ex. 55.  He appealed, and
4  the Nevada Supreme Court affirmed on April 12, 2012.  Ex. 80.  Petitioner sought rehearing, and
5  the Nevada Supreme Court denied rehearing on July 31, 2012.  Ex. 84.  The judgment of conviction
6  became final on October 29, 2012.
7        On April 12, 2013, 165 days later, petitioner filed his first post-conviction habeas corpus
8  petition in state district court.  Ex. 90.  The state district court denied the petition, and petitioner
9  appealed.  The Nevada Supreme Court affirmed the denial on June 11, 2014.  Ex. 109.  Remittitur
10  issued on July 8, 2014.  The one-year federal period was tolled while this state petition was pending.
11  See 28 U.S.C. § 2244(d)(2).
12        On April 2, 2014, petitioner filed his second post-conviction habeas corpus petition in state
13  district court.  Ex. 107.  The state district court dismissed the petition, and petitioner appealed.  The
14  Nevada Supreme Court affirmed the dismissal on December 11, 2014.  Ex. 121.  It held that the
15  petition was untimely under Nev. Rev. Stat. § 34.726(1).  This second state petition was ineligible
16  for tolling the one-year federal period.  Pace, 544 U.S. at 417.
17        No other habeas corpus petition or other collateral attack that was eligible for tolling was
18  filed in the state courts during the time remaining of the one-year federal period of limitation.  The
19  one-year federal period of limitation expired at the end of Monday, January 26, 2015, taking into
20  account that the expiration date otherwise would have been Saturday, January 24, 2015.
21        Petitioner filed a motion to correct an illegal sentence in the state district court on May 1,
22  2015.  The state district court denied the motion, and petitioner appealed.  The Nevada Court of
23  Appeals affirmed on December 18, 2015.  Remittitur issued on January 14, 2016.  Martin v. State,
24  No. 68491.[1]  Even if this illegal-sentence motion was eligible to toll the federal one-year period

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=36700 (report generated July 15, 2016).

under 28 U.S.C. § 2254(d)(2), that period already had expired, and no time was left to be tolled. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner has filed a motion to appoint counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion to appoint counsel.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

IT IS FURTHER ORDERED that petitioner's motion to appoint counsel is **DENIED**.

DATED: July 18, 2016.

_____
HOWARD D. MCKIBBEN
United States District Judge

-4-