UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ORLANDO SCOTT MARTIN, JR.,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:16-cv-00299-HDM-VPC

**ORDER**

    The court directed petitioner to show cause why his petition for a writ of habeas corpus should not be dismissed as untimely. Order (ECF No. 5). Petitioner has responded with a response to order to show cause (ECF No. 9) and an amended petition (ECF No. 10). The amended petition does not change the court's considerations of the timeliness of the action. The court finds that petitioner has not shown good cause to excuse the untimeliness of the petition, and the court dismisses the action.

    Petitioner has challenged the same judgment of conviction, though with different grounds, in Martin v. Williams, Case No. 2:14-cv-01167-JAD-VCF ("Martin I"). The court will refer to exhibits filed in Martin I.

    Petitioner presents two arguments for actual innocence and one argument for equitable tolling. The court will address the arguments out of the order in which petitioner has presented them.

    Petitioner was charged with the following crimes:

    1.    Battery with a deadly weapon causing substantial bodily harm upon Cornae Myles;

  2.  Battery with a deadly weapon upon Eric Ponsock;

  3.  Assault with a deadly weapon upon Ryan Kempf;

  4.  Assault with a deadly weapon upon Cornae Myles;

  5.  Assault with a deadly weapon upon Eric Ponsock;

  6.  Assault with a deadly weapon upon Autumn Vega;

  7.  Assault with a deadly weapon upon unidentified individuals;

  8.  Discharging a firearm in a public place and/or a place where persons might be endangered thereby;

  9.  Challenge to fight with a deadly weapon;

  10.  Being an ex-felon in possession of a firearm;

  11.  Carrying a concealed weapon; and

  12.  Conspiracy to commit the crime of challenge to fight with a deadly weapon.

Martin I, Ex. 3 (ECF No. 12-3). After a jury trial, petitioner was convicted of counts 1 through 8, 10, and 11. The sentences for counts 1, 2, and 3 run consecutively. The sentences for counts 4, 5, 6, 7, 8, 10, and 11 run concurrently with the sentence for count 3. Martin I, Ex. 55 (ECF No. 14-5). Petitioner was acquitted of counts 9 and 12. Martin I, Ex. 56 (ECF No. 14-6). On direct appeal, the Nevada Supreme Court held that the evidence was insufficient to support the conviction for count 4. Martin I, Ex. 80 (ECF No. 15-5).

  Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

  First—again, the court is addressing petitioner's arguments out of order—petitioner argues that he is actually innocent because the evidence presented to the jury was not enough to convict

him.¹  Petitioner refers only to the brief filed on his behalf on direct appeal.  He does not argue that any evidence other than that considered at trial would mean that no rational juror would not find him guilty beyond a reasonable doubt.  The state courts already have considered that evidence and determined that it was sufficient, except for count 4.  See Martin I, Ex. 80 (ECF No. 15-5).  Petitioner cannot rephrase a claim of insufficient evidence as a claim of actual innocence.  A claim of actual innocence requires some new evidence that was not presented at trial.  See Perkins, 133 S. Ct. at 1928.  Petitioner has failed to meet that burden.

Second, petitioner argues that his second consecutive sentence violates the Double Jeopardy Clause because he is being punished twice for the same act.  This argument has two defects.  First, this is not an argument for actual innocence; it is just an argument that the sentence is legally insufficient.  The concept of actual innocence does not encompass this argument.  Bousley, 523 U.S. at 623.  Second, petitioner is incorrect.  "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932).  The three consecutive sentences are for counts 1, 2, and 3.  Each count required proof of one fact that the other two counts did not:  The victim in each count was a different person.  Furthermore, the crime of assault, in count 3, requires the proof of apprehension of immediate bodily harm, which the crimes of battery, in counts 1 and 2, do not.  See Nev. Rev. Stat. §§ 200.471(1)(a)(2), 200.481(1)(a), (2)(e).  The sentences do not violate the Double Jeopardy Clause.

Petitioner also argues that the failure of appellate counsel to raise the double-jeopardy claim on direct appeal justifies equitable tolling.  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  The court disagrees.  First, appellate counsel's failure, if it can be called that, occurred before petitioner's judgment of conviction became final, and thus

---

¹Petitioner has added the same claim as a ground to the amended petition (ECF No. 10).

before the one-year period began to run. See 28 U.S.C. § 2244(d)(1)(A).  Second, petitioner could, and did, file Martin I on time.  Petitioner does not explain how it was impossible for him to add the double-jeopardy claim to his petition in Martin I.  Petitioner has not demonstrated that he is entitled to equitable tolling.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that this action is **DISMISSED** with prejudice because it is untimely.  The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: October 18, 2016.

_____
HOWARD D. MCKIBBEN
United States District Judge

-4-