# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ORLANDO SCOTT MARTIN, JR.,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:16-cv-00299-HDM-VPC

**ORDER**

    The court dismissed this action because it was untimely. ECF No. 11. Petitioner has filed an opposition and motion to reconsider. ECF No. 13. The court is not persuaded, and the court denies the motion.

    Petitioner first argues that the court should have referred the matter of timeliness to a magistrate judge for findings and a recommendation. The court did not need to do that. The court noted at the outset that the action appeared to be untimely, and the court gave petitioner the opportunity to respond before the court dismissed the action.

    Petitioner's arguments under Vosgien v. Persson, 742 F.3d 1131 (9th Cir. 2014), are not relevant. The court simply held that petitioner had failed to demonstrate actual innocence on any count because petitioner was relying on nothing but the evidence presented at trial, and the evidence presented at trial was sufficient to sustain the convictions for both counts, with one exception that the state courts already had corrected. ECF No. 11, at 2-3.

    Petitioner repeats his argument that he is actually innocent of one count of battery with a deadly weapon because "petitioner pulled the trigger one time and the burst hit two of the" victims.

ECF No. 13, at 3.  It is unclear from petitioner's use of the word "burst" if petitioner used an automatic weapon or if he fired one bullet that passed through one victim and hit another.  Regardless, his analogy to Ebeling v. State, 91 P.3d 599 (Nev. 2004) is incorrect.  In that case, the Nevada Supreme Court held that a person could not be convicted of two counts of indecent exposure when two people viewed that exposure, because the statute did not require that indecent exposure be witnessed, and it did not require the intent to offend an observer.  Id. at 601-02.  See also Nev. Rev. Stat. § 201.220.  Battery is different.  The statute defines "battery" as "any willful and unlawful use of force or violence upon the person of another."  Nev. Rev. Stat. § 200.481(1)(a).  The person of another is an element of the offense.  If there are two people upon whom petitioner willfully used force or violence, then there are two offenses of battery, even if he used only one trigger pull or one bullet.

Finally, petitioner argues that the court confused assault with battery in its analysis of counts 1 and 2.  The three counts relevant to the court's analysis were:

1. Battery with a deadly weapon causing substantial bodily harm upon Cornae Myles;
2. Battery with a deadly weapon upon Eric Ponsock; and
3. Assault with a deadly weapon upon Ryan Kempf.

The sentences for these three counts run consecutively.  In his showing of cause, petitioner argued "that he is innocent of his second consecutive sentence, because the sentencing judge acted outside of its authority by imposing two consecutive sentences on Mr. Martin fore the same transaction—course of conduct—and offense, subjecting Mr. Martin to a violation of his constitutional right of the 5th Amendment Double Jeopardy."  ECF No. 9, at 2.  Petitioner did not specify which of the three consecutive sentences was illegal.  The court could have assumed that the sentence imposed for count 1 was the first sentence and that the sentence imposed for count 2 was the second sentence.  However, if for some reason petitioner's sentences were being served out of numerical order, and if petitioner was referring to the second sentence that he would actually serve, then the court would have been analyzing the wrong offense.  Out of caution, the court analyzed all three offenses.  Now that petitioner has made clear that he is complaining that the two counts of battery with a deadly weapon were only one offense, he need not pay attention to the court's contrast

of the offense of assault and the offense of battery. The outcome, however, is still the same, because petitioner did commit two offenses of battery.

Reasonable jurists would not find these conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's opposition and motion to reconsider (ECF No. 13) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: December 15, 2016.

_____
HOWARD D. MCKIBBEN
United States District Judge